**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ATHENS DIVISION**

| | | |
|---|---|---|
| **DAVIAE MASSIR OLIVER,** | : | |
| **Petitioner,** | : | |
| **V.** | : | **NO. 3:26-cv-00074-TES-AGH** |
| **WARDEN TEKETA JESTER,** | : | |
| **Respondent.** | : | |

## ORDER OF DISMISSAL

Petitioner Daviae Massir Oliver, a prisoner in Baldwin State Prison in Hardwick, Georgia, filed a handwritten document that the clerk's office docketed as a 28 U.S.C. § 2254 petition for writ of habeas corpus. ECF No. 1. The petition appeared to challenge Petitioner's conviction in the Superior Court of Clarke County. *Id.* Petitioner did not, however, use the required 28 U.S.C. § 2254 form, pay the $5.00 filing fee for the case, or move to proceed *in forma pauperis*.

Therefore, the United States Magistrate Judge ordered Petitioner to complete a § 2254 form and either pay the $5.00 filing fee or file an application requesting leave to proceed *in forma pauperis*. ECF No. 3. The Magistrate Judge gave Petitioner fourteen days to take these actions and cautioned Petitioner that his failure to do so may result in the Court dismissing this case. *Id.*

The time for compliance passed, and Petitioner failed to file a recast petition, pay the filing fee, or move for leave to proceed *in forma pauperis*. Accordingly, the Magistrate Judge ordered Petitioner to respond and show cause why this case should not be dismissed

for failure to comply with the order to recast his petition on the proper form and either pay the filing fee or move for leave to proceed *in forma pauperis*. ECF No. 4. The Magistrate Judge gave Petitioner another fourteen days to respond and cautioned him that his failure to respond would likely result in the Court dismissing this case. *Id.*

More than fourteen days have now passed since the Magistrate Judge entered the show cause order. Plaintiff has not responded to that order or otherwise communicated with the Court. Thus, because Plaintiff has failed to comply with the previous orders or to otherwise prosecute his case, the Court now **DISMISSES** the complaint **WITHOUT PREJUDICE**. *See* Fed. R. Civ. P. 41(b); *Brown v Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (per curiam) ("The court may dismiss an action *sua sponte* under Rule 41(b) for failure to prosecute or failure to obey a court order.") (first citing Fed. R. Civ. P. 41(b); and then citing *Lopez v. Aransas Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978) ("The [C]ourt may dismiss an action *sua sponte* under Rule 41(b) for failure to prosecute or failure to obey a court order.")).

**SO ORDERED**, this 22nd day of September, 2026.

*S/ Tilman E. Self, III*
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**